UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CREEKSTONE/JUBAN I, LLC            CIVIL ACTION

VERSUS

ASSOCIATED CONCRETE            NO.: 13-00081-BAJ-RLB
CONTRACTORS, INC.

### RULING AND ORDER

Before this Court are an **Ex Parte Motion to Re-open Case for Limited Purpose of Enforcing Settlement Agreement (Doc. 14)** and a **Petition to Enforce Settlement Agreement (Doc. 15)**, both filed by Defendant Associated Concrete Contractors, Inc. Defendant seeks to reopen the above-captioned matter and petitions this Court for an Order requiring Plaintiff Creekstone/Juban I, LLC to comply with the settlement agreement reached between the parties, pursuant to which all claims in the instant matter were dismissed by this Court on June 17, 2013. Oral argument is not necessary.

### I.     BACKGROUND

On February 11, 2013 Plaintiff filed a Complaint, under the basis of diversity jurisdiction, against Defendant regarding a dispute about a "Materialman's Lien" recorded on behalf of Defendant against land parcels belonging to Plaintiff. Plaintiff sought a declaratory judgment that the Materialman's Lien was invalid and that Defendant had no right to assert a claim against Plaintiff or a privilege in Plaintiff's property, as well as damages and attorney's fees. Defendant did not file any

counterclaims. On June 13, 2013 Plaintiff and Defendant filed a Joint Motion to Dismiss all claims with prejudice, stating that a settlement that had been confected between the parties. (Doc. 12). On June 17, 2013 this Court granted the Joint Motion and dismissed the matter with prejudice. (Doc. 13). No underlying suit remained after this dismissal, and the case was terminated on June 18, 2013. Nearly a year later, on May 21, 2014, Defendant filed the instant Motion to Re-open Case for Limited Purpose of Enforcing Settlement Agreement. (Doc. 14). On the same day, Defendant filed a Petition to Enforce Settlement Agreement, seeking a court order requiring Plaintiff to compel its general contractor, Block Construction, to award contracts to Defendant in accordance with their settlement agreement. (Doc. 15). Plaintiff did not file a response in opposition to Defendant's Motion to Re-open, although it did file a Memorandum in Opposition to Defendant's Petition to Enforce Settlement. (Doc. 17).

## II. ANALYSIS

Defendant argues that the Court has authority to summarily enforce a settlement in a case pending before it, (Doc. 15-1 at pp. 13), but ignores the fact that this case has not been pending before the Court for nearly one year. "Enforcement of the settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

A court may assert ancillary jurisdiction over matters otherwise beyond its competence but incidental to matters properly before it, for two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379–80 (citations omitted); *see also Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 945 (5th Cir. 2013). Ancillary jurisdiction may be invoked under the second purpose of enabling a court to function successfully "only if the parties' obligation to comply with the terms of the settlement agreement has been made part of the order of dismissal . . . either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (511 U.S. at 380–81) (quotation marks omitted).

Here, Defendant has not established this Court's ancillary jurisdiction by means of the factual interdependence of claims. Defendant's Motion to Re-open and its related Petition to Enforce Settlement Agreement appear to raise a claim for breach of contract, which has not been pleaded in the matter by either party. The breach of contract claim is in no way factually interdependent with the claims of the above-captioned matter, in which Plaintiff sought declaratory judgment, as well as damages and fees, regarding the validity of a lien.

3

Furthermore, Defendant has not established that this Court's ancillary jurisdiction is proper to manage its proceedings, vindicate its authority, or effectuate its decrees. This Court, which was not privy to the terms of the settlement, did not incorporate the terms of settlement in its dismissal order, nor did this Court condition its dismissal order on retention of jurisdiction over the settlement agreement. This Court did not even so much as refer to the settlement in its dismissal order. (*See* Doc. 13).[1] "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." 511 U.S. at 381. *See also Hospitality House*, 298 F.3d at 433 (holding that district court did not intend to incorporate agreement in its order or retain jurisdiction to enforce agreement when dismissal order stated only that "[b]efore the Court is the parties' Agreed Motion to Dismiss").

In conclusion, this Court has no ancillary jurisdiction to enforce the parties' settlement agreement, and Defendant has not established an independent basis for federal court jurisdiction. Defendant is free to file a new lawsuit seeking enforcement of the settlement agreement in this Court, assuming it can establish that this Court's jurisdiction is proper.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Ex Parte Motion to Re-open Case for Limited Purpose of Enforcing Settlement Agreement (Doc. 14) is DENIED.**

---

[1] Regarding dismissal, the Court wrote only: "IT IS ORDERED that the parties' Joint Motion to Dismiss is GRANTED. IT IS FURTHER ORDERED that the above-captioned matter is DISMISSED with prejudice, each party to bear its own costs." (Doc. 13) (record citations omitted).

4

IT IS FURTHER ORDERED that Defendant's **Petition to Enforce Settlement Agreement (Doc. 15)** is **DENIED**.

Baton Rouge, Louisiana, this 21st day of November, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**